Amanda L. Bruss, #246249
Kristen G. Roberts, # 275552
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: (619) 343-3655
amanda@trestlelaw.com
kristen@trestlelaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

PALEO CERTIFIED, INC., D/B/A THE
PALEO FOUNDATION,

          Plaintiff,

v.

YEZ! FOODS, LLC,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. **'23 CV 2295 H    DDL**

COMPLAINT FOR:

(1) Trademark Infringement (15 U.S.C. § 1114(1));

(2) Federal Unfair Competition (15 U.S.C. § 1125(a)); and

(3) Violation of California Business and Professions Code § 17200 et seq.

Plaintiff Paleo Certified, Inc. d/b/a The Paleo Foundation ("Paleo" or "Plaintiff"), by and through its attorneys, Trestle Law APC, for its Complaint against Defendant Yez! Foods, LLC ("Yez" or "Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.    This is an action for infringement of Plaintiff's federally-registered certification marks,  (the "Keto Certified Mark") and (the "GFGF Mark"), and federally-registered service mark (the "Certified Paleo Mark")

---

COMPLAINT                            CASE NO.

(collectively, the "Marks") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the laws of the State of California, all arising from the Defendant's unauthorized use of the Marks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and sale of Defendant's products.

2.     Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.     Plaintiff Paleo Certified, Inc., d/b/a The Paleo Foundation is a corporation that is incorporated in the state of Florida and has its principal place of business in Orlando, Florida.

6.     Upon information and belief, Defendant Yez! Foods, LLC is a limited liability company formed under the laws of the state of Wyoming and does business throughout the United States, including in the state of California, with its principal place of business located in Carlsbad, California.  Upon information and belief, Yez sells its products in stores and online through an interactive website and Amazon storefront throughout the United States.

## FACTS

A.   Plaintiff and Its Registered Marks

7.     Plaintiff is an international third-party certification company that licenses use of its registered Marks for use in connection with products that meet the standards for each Mark established by The Paleo Foundation.

8.     Plaintiff is the owner of valid and subsising United States Certification Mark Registration No. 6,171,595 for the Keto Certified Mark for certification of: food products and beverages, containing fruits, nuts, seeds, certain grains, vegetables, sweeteners, or eggs which conform to the keto diet standards. Attached as <u>Exhibit 1</u> is a true and correct copy of the registration certificate, which was issued by the United States Patent and Trademark Office on October 6, 2020.

9.     Plaintiff is the owner of valid and subsising United States Certification Mark Registration No. 6,337,794 for the GFGF Mark for certification of: food products and beverages, containing fruits, nuts, seeds, vegetables, sweeteners, or eggs which conform with the grain free and gluten free diet standards.  Attached as <u>Exhibit 2</u> is a true and correct copy of the registration certificate, which was issued by the United States Patent and Trademark Office on May 4, 2021.

10.     Plaintiff is the owner of valid and subsising United States Service Mark 4,767,643 for the Certified Paleo Mark, for use in connection with testing, analysis, and evaluation of the goods of others for the purpose of certification.  Attached as <u>Exhibit 3</u> is a true and correct copy of the registration certificate, which was issued by the United States Patent and Trademark Office on July 7, 2015.

11.     Plaintiff has licensed the Keto Certified Mark for use in commerce by third parties throughout the United States continuously since November 10, 2016 in connection with the manufacture, distribution, marketing, promotion and sale of goods that The Paleo Foundation has carefully evaluated to ensure and affirm compliance with the keto diet standards it has established.

12.     Plaintiff has licensed the GFGF Mark for use in commerce by third parties throughout the United States continuously since March 29, 2018 in connection

with the manufacture, distribution, marketing, promotion and sale of goods that The Paleo Foundation has carefully evaluated to ensure and affirm compliance with the grain free, gluten free standards it has established.

13.   Plaintiff has licensed the Certified Paleo Mark for use in commerce by third parties throughout the United States continuously since March 1, 2014 in connection with the manufacture, distribution, marketing, promotion and sale of goods that The Paleo Foundation has carefully evaluated to ensure and affirm compliance with the paleo diet standards it has established.

14.   Plaintiff has expended considerable resources adopting, marketing and promoting its certification of products under the Marks, and as a result, consumers have come to associate the Marks with The Paleo Foundation's stringent certification standards and services.

15.   As a result of its widespread, continuous, and exclusive use of the Marks to identify products it has certified as compliant with each Mark's respective parameters, Plaintiff owns valid and subsisting federal statutory and common law rights to the Marks.

16.   Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

17.   Plaintiff authorized, and continue to authorize, licensees to market and distribute compliant products bearing the Marks both online and in brick-and-mortar stores throughout the United States, utilizing the same channels of trade through which Defendant's infringing products are sold.

18.   Plaintiff actively monitors use of the Marks by third parties and has scrupulously and successfully enforced and protected its Marks against past infringements.

B.   Yez's Unauthorized Post-License Use and Failure to Respond

19.     On or about November 16, 2017, after completion of The Paleo Foundation's certification process and review, the parties entered into a written Trademark License Agreement ("License") which granted Defendant the limited ability to use the Marks only in connection with specifically identified products, and in accordance with the provisions of the License.  A true and correct copy of the License is attached hereto as Exhibit 4.

20.     Per Yez's request, that license was renewed for an additional two-year term, which expired on November 15, 2022.

21.     On September 27, 2022, Jonathan Pendergrass, The Paleo Foundation's Chief Licensing Officer, contacted Yez to remind them that its certification would be coming up for renewal on November 16, 2022, and provided a link to the renewal documentation.  No response was received.

22.     Mr. Pendergrass contacted Yez again on November 21, 2022, February 7, 2023, and April 25, 2023, reiterating that Yez's license had expired, and noting its continued use of the Marks was unauthorized.  Yez failed to respond to any of these messages but continued to use the Marks.

23.     On July 5, 2023, counsel for Plaintiff sent a written notice of unauthorized use and demand to cease and desist to Lina Vandor, Yez's Chief Strategy Officer and the individual identified as the primary contact for Yez in the License.  Counsel followed up numerous times via telephone and email.  Again, Yez did not respond.

24.     To date, Plaintiff has received no response to its numerous attempts to contact Yez, and, after reasonable inquiry, has no evidence that Defendant has responded to or complied with the demands set out in Plaintiff's counsel's cease and desist letter.

25.     Without Plaintiff's authorization, and upon information and belief, between November 16, 2022 and the present Defendant has continued to use the Marks

COMPLAINT                                        5

in US commerce, selling products bearing the Marks to consumers throughout the United States.

26.    Upon information and belief, Defendant has been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of products using the Marks in US commerce.   As recently as October 2023, Defendants sold products bearing the Marks to U.S. consumers.   See Exhibit 5 hereto.

27.    Upon information and belief, after expiration of its License, Defendant has manufactured, distributed, marketed, offered for sale, and sold its products bearing the Marks through both brick and mortar and online stores, including its own interactive website, located at https://yezketo.com/

28.    Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's products manufactured and sold after November 15, 2022 have been evaluated by The Paleo Foundation and been found to be compliant with the standards set for each Mark.

29.    Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion and deception in the marketplace, and divert Plaintiff's licensees' potential sales to the Defendant.

30.    Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and its licensees and to their valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

//

//

COMPLAINT

**COUNT ONE**

**Federal Trademark Infringement**

31.     Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32.     Defendant's unauthorized use in commerce of the Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe that The Paleo Foundation has certified that Defendant's goods currently sold in the marketplace conform with specific standards set for each of the Marks.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's rights in the Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

35.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO**

**Federal Unfair Competition**

36.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

COMPLAINT

37.     Defendant's unauthorized use in commerce of the Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods have been certified by Plaintiff.

38.     Defendant's unauthorized use in commerce of the Marks as alleged herein constitutes use of a misleading description and false representation of fact.

39.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to certification of Defendant's goods by Plaintiff.

40.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

### Violation of California Business and Professions Code § 17200 et seq.

43.     Plaintiff repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44.     Defendant's unlawful and unauthorized use of the Marks constitutes a fraud on the public, as the public is led to believe this use has been authorized by The Paleo Foundation, and that The Paleo Foundation has evaluated Defendants' goods currently on the market and deemed them to comply with the certification

COMPLAINT

8

requirements of each Mark.  Defendant's actions constitute an unlawful and fraudulent business practice.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.  Finding that Defendant has:

   a.  violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

   b.  violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a); and

   c.  engaged in unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200.

2.  Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a.  manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote goods bearing the Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof;

   b.  engaging in any activity that infringes Plaintiff's rights in its Marks;

   c.  utilizing any marks likely to falsely lead the public to believe that Plaintiff has evaluated Defendant's products and found them to be compliant with the standards established for use of the Marks;

   d.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff; or

COMPLAINT

9

e.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

3.  Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of any Mark, including all web uses, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks, and to immediately remove them from public access and view.

4.  Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, advertisements, and related materials incorporating or bearing any of the Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of any of the Marks.

5.  Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting

COMPLAINT

10

forth in detail the manner and form in which Defendant has complied therewith.

6. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

9. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), and/or pursuant to California Code, Code of Civil Procedure - CCP § 1021.5.

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11. Awarding such other and further relief as the Court deems just and proper.

Dated: December 16, 2023

San Diego, California            Respectfully Submitted,

*s/ Amanda L. Bruss*
Amanda L. Bruss, #246249
Kristen G. Roberts, # 275552
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: (619) 343-3655
amanda@trestlelaw.com
kristen@trestlelaw.com

*Attorneys for Plaintiff Paleo Certified, Inc., d/b/a Paleo Foundation*

COMPLAINT

11